TILLMAN PEARSON, Judge.
The appellants who were defendants below appeal a final judgment rendered pursuant to: (1) two orders entered on motions for summary judgment, which specified certain facts that the trial judge found to appear without substantial controversy,[1] and (2) a jury verdict as to the remaining issue. We hold that the first order on motion for summary judgment was improperly entered and remand the cause for a trial of the issues.
Anthony J. Riccio, Louis B. Gregoire, Dean F. Pelton and Medical Administrative Services, Inc., were sued jointly and severally as the tenants of Jeanette V. Holmes. The complaint sought damages for the last four months of a lease agreement which had been in effect between Holmes as landlord and the appellants as tenants. The complaint claimed damages of $275 a month, which was the monthly rental, plus costs and attorney’s fees. It was charged in the complaint that the tenants had abandoned their leasehold interest. The defendants denied that they had abandoned the premises and denied that they owed the rent claimed. In addition, they counterclaimed setting forth that the landlord had actually evicted them by changing the lock on the door thereby depriving them of $400 in rental payments which they would have received from a sublessee. A reply was filed to the counterclaim which denied the allegations thereof.
After the filing of affidavits and motions for summary judgment by both the plaintiff and the defendants, the court entered an order on motion for summary judgment on the 28th day of October 1963 in which it found as follows:
“1. That the Plaintiff and the Defendants entered into that certain written lease dated June 30, 1961 for the rental of the premises known as 2148 Ponce de Leon Boulevard, Coral Gables, Florida.
2. That on March 1st, 1963, the Defendants abandoned the leased premises.
*451 3. That the Plaintiff was entitled to take possession of the leased premises after abandonment by the Defendants and that the Plaintiff did take possession of said premises on March 10th, 1963.
4. That the only remaining' issues on the Plaintiff’s claim are:
(a) The intent of the Plaintiff at the time she took possession of the premises.
(b) The amount of damages, if any.
The Court reserves ruling on these issues until further proceedings in this cause.”
Defendants, appellants, urge that the court erred in holding that it appeared without substantial controversy that the defendants abandoned the leased premises.
On February 5, 1964, after the entry of the above order and the filing of additional affidavits, the court entered a second order entitled “Order on Motions for Summary Judgment” in which it found as follows:
“1. The Court finds that after Defendants abandonment the Plaintiff took possession of the premises with the intention of attempting to re-rent the premises as the agent for the lessees in accordance with Paragraph 6 of the lease.
“2. The Court finds that Plaintiff is entitled to a judgment against the Defendants, jointly and severally, in the following amounts:
(a) Rental for February 20, 1963, March 20, 1963, April 20, 1963, and May 20, 1963 . $1,100.00
(b) Newspaper ‘for rent’ advertisements and ‘for rent’ sign. 47.80
(c) Deposition costs . 41.00
(d) Filing fee ... .. 17.50
(e) Sheriff’s service of process. 10.50
(f) Attorneys fees . 110.00
$1,326.80
“3. The Court finds that the Defendants are not entitled to any recovery for the improvements made on the premises and that said improvements remain as the property of the Plaintiff in accordance with the terms of the lease.
“4. The only remaining issue with respect to the Defendants’ counterclaim shall be the question of whether or not the Plaintiff should have accepted the sublessee in mitigation of damages after the abandonment. The Defendants may proceed with a jury trial on the issue only and in the event the jury finds in their favor the amount of recovery shall be exactly THREE HUNDRED THIRTY DOLLARS ($330.00).
“5. Counsel may submit appropriate final judgment after the trial by jury on the remaining issue in this case.”
The second order on the motions for summary judgment thus found that it appeared without substantial controversy that the plaintiff, appellee, took possession of the premises with the intention of attempting to rerent them as the agent for the defendants, lessees. The appellants urge that the Court erred in so holding.
It appears without controversy from the affidavits and exhibits filed that the defendants paid monthly rent to the plaintiff in accordance with the terms of said lease *452 through the period ending on February 19, 1963.
On February 8, 1963, the defendants sent the plaintiff the following letter:
“It is necessary that we vacate as soon as possible due to difficulties beyond our control. It is not our intention to disregard our contract and we hope arrangements can be made that are suitable to both parties.
“The front three panelled offices we have added at a cost of $2,700.00 which include air conditioning facilities, add considerably to the desirability of your building. These are of removable type construction, but rather than take them out we offer them in lieu of the few months rent remaining.
“We have discussed our problem with Mr. Friedman, the Attorney, who occupies 2 of the front offices and he plans to remain at $100 per month, if this is agreeable to you.
“Please drop by at your convenience to check over the furniture inventory.”
On March 1, 1963, the defendants entered into a new lease with a third party for premises at 100 Miracle Mile, Coral Gables, Florida. On the same date the defendants physically vacated the plaintiff’s premises at 2148 Ponce de Leon Boulevard, Coral Gables, Florida, and moved out all of their belongings and movable furniture and equipment to the new location. On March 10, 1963, plaintiff caused the locks to be changed on the front door of the premises, at which time the defendants’ sublessee was in lawful possession.
We hold that the trial judge incorrectly construed the letter above quoted as an announcement that the lessees would abandon the leased premises. The letter may, with equal reason, be interpreted as an acknowledgment of defendants’ obligations under the lease and a request that the lessor consider a settlement of these obligations by the acceptance of the sublessee and of the benefit of improvements made by the lessors. Although discussions took place, no agreement was reached. Lessees’ act of physically vacating that portion of the leased premises which were not subleased was not an unequivocal abandonment of their rights and duties under the lease. It is possible that a jury could reach a contrary conclusion when all of the facts are submitted to it. The continued possession of defendants’ sublessee is a strong indication that the defendants retained duties and rights under this lease.
We therefore conclude that the initial order on the motions for summary judgment was error. Having so determined we need not discuss the second order. If at the trial it should be determined by the jury that the defendants did not abandon the premises, then they may be entitled upon their counterclaim to the amount of the rent which the sublessee would have paid during the four months involved and to the amount of the unused security deposit.
Reversed and remanded.

. See Rule 1.36(d) Florida Rules of Civil Procedure, 30 F.S.A., which authorizes this type of order.